Joseph Lowenheim *v.* Lockhard Ireland.

## JOSEPH LOWENHEIM *v.* LOCKHARD IRELAND.

1. ATTACHMENT. *Ancillary. Affidavit.* If the affidavit for an ancillary attachment fails to state the nature and character of the plaintiff's demand, and fails to state in what Court the suit at law to which it is ancillary was commenced, and the recitals in the attachment writ are alike defective, an attachment issuing upon such affidavit is illegal and void.

2. PLEA IN ABATEMENT OF ATTACHMENT. *When defective.* Defendant pleaded in abatement of attachment "that before the suit was instituted, he had made an assignment of his property for the benefit of his creditors; that the assignee had taken possession of the property, and that the deed of assignment had been registered." On demurrer, held to be defective, in failing to make profert of the deed of assignment, or in stating that the assignment was *bona fide* and not fraudulent.

3. PLEADING AND PRACTICE. *Person interested in subject matter not allowed to become party to suit. When.* A trustee in possession of goods, attached as the goods of his assignor, is not allowed to become a party defendant to the attachment, on showing himself interested in the subject matter of the suit, under § 2799 of the Code.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court. M. M. BRIEN, Judge.

HORACE H. HARRISON and MAX DINKELSPIEL for Joseph Lowenheim.

M. M. BRIEN, Jr., for Lockhard & Ireland.

NICHOLSON, C. J., delivered the opinion of the Court.

Joseph Lowenheim *v.* Lockhard Ireland.

On the 20th of December, 1866, Lockhard & Ireland commenced a suit, by summons, against Joseph Lowenheim, in an action to their damage $2,000. The summons was executed on the same day, and made returnable to the January term, 1867, of the Circuit Court of Davidson County.

On the same day they filed their affidavit before the Clerk of the Circuit Court of Davidson County, stating that Jos. Lowenheim is justly indebted to them in the sum of $1,000, and that he had fraudulently disposed of his property, praying for an attachment ancillary. An attachment was issued, returnable to the January term, 1867, of the Circuit Court, and reciting that "this attachment is ancillary to a suit at law this day commenced by Lockhard & Ireland against said Lowenheim." The attachment was levied on a stock of goods as the property of Lowenheim and sold by the officer, and the proceeds paid into Court, and by the Court ordered to be loaned out, giving plaintiffs the preference as borrowers.

At the January term, 1867, plaintiffs filed their declaration, alleging that defendant (Lowenheim) was in debt to them by account for goods, in the sum of $1,003.06. Defendant (Lowenheim) appeared and filed his plea in abatement of attachment, alleging that before the suit was commenced he had made an assignment of his property to Max Dinkinspeil for the benefit of his creditors; that the assignee had taken possession of the property, and that the deed of assignment had been duly registered.

To this plea plaintiffs demurred, because the deed of assignment was not set out, and because defendant does not allege that the assignment was *bona fide*.

At a subsequent day of the term, Max Dinkinspeil filed an affidavit that he was interested in the subject matter of the suit, asking to be allowed to defend. The Court granted the request, and thereupon he filed a plea in abatement, traversing the allegation in plaintiffs' affidavit for the attachment.

At a later day of the term, the Court, on motion of plaintiffs, rescinded the order allowing Dinkinspeil to defend, and striking out his plea in abatement. The Court then proceeded to sustain plaintiffs' demurrer to Lowenheim's plea in abatement, giving him two days to plead over. Upon his failure to plead, judgment by default was taken and a jury was impannelled to inquire of the damages. The jury assessed plaintiffs' damages at $1,025.62, for which judgment was rendered. From this judgment Joseph Lowenheim has appealed in error.

1. The attachment was illegally issued, and was void. The affidavit fails to state the nature or character of the plaintiffs' demand, nor does it state in what Court the suit at law to which it is ancillary was commenced. The recitals in the attachment writ are alike defective.

2. The demurrer to Lowenheim's plea in abatement was properly sustained. The plea was defective in failing to make profert of the deed of assignment

Joseph Lowenheim *v.* Lockhard Ireland.

or in stating that the assignment was *bona fide,* and not fraudulent.

3. There was no error in the action of the Court in rescinding the order allowing Dinkinspeil to become a defendant. Section —— of the Code provides for such substitute or addition of parties to defend, when the suit is for recovery of specific property. It was no error, at the same time, to rescind the order erroneously made at a former day of the term. Nor was it error to strike out Dinkinspeil's plea in abatement; but as Dinkinspeil has not appealed, the regularity of the proceedings can not be looked into in this Court.

4. There was no error in allowing plaintiffs to take judgment by default, upon the failure of defendant (Lowenheim) to plead. As the damages were assessed by a jury, the judgment was regular.

It results that the judgment against Lowenheim is affirmed, but the attachment and the proceedings under it are void. The costs of the attachments and proceedings under it will be paid by plaintiffs. The other costs of the Court below and of this Court will be paid by defendant (Lowenheim).